On this appeal a single question is presented — and that a legal one. The facts are not in dispute.
The appellant was a creditor of decedent on certain notes, and also held securities pledged with it by decedent as collateral security for the payment of his indebtedness. Upon his death his estate was duly decreed insolvent by the orphans court. Appellant filed its claim for the full amount of the debt due it, without crediting thereon the value of the security held by it (which value was duly ascertained and is not in dispute).
The decree brought up by this appeal denies the right of the creditor to receive dividend on the full amount of the debt — restricting its right against the insolvent estate to its *Page 202 
ratable dividend on the balance of such debt after deducting the value of the collateral.
The creditor contends that this was error; that it is entitled to dividend on its full claim and to resort thereafter to the security for the balance remaining due — just as it would have been entitled, if the debtor had not died, to proceed against him to judgment on the full claim without being required first to resort to the security.
This latter right of the creditor, however, is not as broad and unrestricted as above stated. Its existence in the debtor's lifetime does not continue after the debtor has become legally insolvent. The rule applied in the instant case is applied, in this state, in the administration of the estate of a debtor who has made an assignment for the benefit of his creditors (seeBell v. Fleming's Executors, infra); in the administration of the estate of an insolvent corporation (see Butler v.Commonwealth Tobacco Co., infra), and (in the federal court), in the case of bankrupt's estate. The right ceases, even in the lifetime of the debtor, when the debtor becomes insolvent. So, in the instant case, the right ceases not because the debtor has died, but because the decedent debtor's estate is insolvent. In other words, whenever insolvency occurs, the right ceases and the rule applied by the orphans court (commonly termed the "bankruptcy rule"), comes into operation.
Such is deemed to be the law in this state notwithstanding that in a number of other jurisdictions the so-called "equity rule" is maintained and the creditor is allowed dividend on the full claim without being required to deduct the value of his security. That such is the law in this state in the case of assignments for the benefit of creditors, insolvent corporations, and bankruptcy, is admitted by appellant; but it is contended that this is so only because of specific statutory provisions in each of these cases, and that there is no similar statutory provision covering the administration of the estate of an insolvent decedent — ergo, that the rule is not to be applied in the instant case.
In Merrill v. National Bank of Jacksonville, 173 U.S. 131,
it is pointed out by Mr. Justice White in his opinion for *Page 203 
the four dissenting members of the court (at p. 161), that the "bankruptcy rule" was not the creature of the Bankruptcy act, but had existed for hundreds of years prior to the statutes; that the statutory provision in that behalf was merely a legislative expression of already existing and long established law.
That the "bankruptcy rule" was the well established rule in equity in this state, in the administration of insolvent estates, long prior to the enactment of the statutory provisions in that behalf in the cases of assignments for the benefit of creditors and of insolvent corporations, clearly appears from the opinions in Bell v. Fleming's Executors, 12 N.J. Eq. 13 (at pp. 25,30), and State Bank v. Receivers of Bank of New Brunswick,3 N.J. Eq. 266 (at pp. 271, 275), and Butler v. CommonwealthTobacco Co., 74 N.J. Eq. 423; 70 Atl. Rep. 319 (wherein the court of errors and appeals approves and adopts the minority view in Merrill v. National Bank of Jacksonville, supra).
It seems that the rule has not hitherto been applied to the case of an insolvent decedent's estate, in any reported decision in this state; but being a well established general principle of equity in this state, entirely independent of statutory enactment, it must equally be applied in such case notwithstanding the absence of specific legislative promulgation.
It is also well established that in the administration of decedent's estate equitable principles are to be applied by the orphans court and the prerogative court. Clayton v. AsburyPark Ocean Grove Bank, 115 N.J. Eq. 480 (at p. 484);171 Atl. Rep. 502.
The decree of the orphans court will be affirmed. *Page 204